UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**JOAQUIN PE FAGUNDO,**

    **Plaintiff**

v.                                                      CASE NO:

**UNITED WHOLESALE MORTGAGE, LLC.**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff Joaquin Pe Fagundo ("Plaintiff") by and through undersigned counsel, brings this action against the Defendant, United Wholesale Mortgage (hereinafter referred to as either "United Wholesale" or the "Defendant"), and in support thereof alleges as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations and for violation of the Florida Consumer Collection Practices Act § 559.72 (5) *et seq.* ("FCCPA") for unlawful collection of a consumer debt.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and Sections 1024.36 and 1024.41 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, the Defendant was and is a Foreign limited liability corporation, duly licensed to transact business in the State of Florida.

9. At all times material hereto, Plaintiff owns and continues to own the subject property, which is in Broward County, Florida with an address of 8685 Pacifica Lane, Parkland, FL 33076.

10. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

11. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property, which is also the Plaintiff's primary residence.

12. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number ****** 2992.

## BACKGROUND AND GENERAL ALLEGATIONS

13. Plaintiff entered into a promissory note agreement for what he intended to be his primary residence.

14. The Note was secured by a mortgage on the subject property located at 8685 Pacifica Lane, Parkland, FL 33076, (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "subject loan").

15. At all times relevant hereto, the subject loan was being serviced by Defendant.

16. On or about January 1, 2021, Plaintiff requested forbearance assistance due to losing his job for COVID-19 related reasons and was approved for a 6-month forbearance.

17. On or around June 1, 2021, Plaintiff requested an extension on the forbearance agreement and was granted an additional 6-months.

18. In December of 2021, Plaintiff reached out to United Wholesale Mortgage to discuss options for resuming his monthly mortgage payments and was granted another 3-month extension on his forbearance, which would have ended in April of 2022.

19. Plaintiff attempted to find a solution to get his mortgage payments back on track, but his efforts were to no avail.

20. On or about February 17, 2023, the Plaintiff retained Loan Lawyers, LLC to further research possible servicing errors on his mortgage loan and to help him save his house.

21. Plaintiff has hired the undersigned law firm to represent him in this action and has agreed to pay a reasonable fee.

**COUNT I –VIOLATION OF 12 U.S.C. § 2605(k) and 12 CFR 1024.36**

22. Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as if fully set forth herein.

23. In an effort to obtain information that would be useful in helping Plaintiff save his home, his counsel sent a qualified written request in the form of a Request for Information (RFI) to Defendant on or about April 11, 2023. A copy of the RFI is attached as Exhibit "A" to the complaint.

24. The RFI Request was received by United Wholesale Mortgage on or about May 1, 2023.

25. Plaintiff will not detail every request in the RFI in the body of this complaint but incorporates Exhibit "A" into the complaint and will provide a few highlights herein.

26. Most notably, the RFI requested information about the forbearance and other loss mitigation efforts.

27. As of the date of this lawsuit United Wholesale Mortgage has not responded to even one inquiry nor produced one document in response.

28. The Request for Information itself was very pointed and specific and requested specific information that Plaintiff and his counsel need to review to see what exactly has gone awry. Requests such as these are the very reason that the Request for Information regulations found at 12 C.F.R. §1024.36 were enacted.

29. After receiving no response from Defendant regarding the status of Plaintiff's loan, on or about June 15, 2023, Plaintiff's counsel sent a notice and opportunity to cure to Defendant, a copy of which is attached as Exhibit "B" to this complaint.

30. The above are several highlights of the issues that Plaintiff and his counsel need answers to. To date, United Wholesale Mortgage has not provided any of the requested information, which may be leading to the misapplication of payments that has caused a further fictitious default on this loan.

31. It appears that United Wholesale Mortgage has not properly managed the servicing of this loan on many fronts.

32. Borrowers such as Plaintiff have a right to receive information and explanations as set forth in Regulation X.

33. Plaintiff lives in the subject property is suffering greatly from emotional distress without having this information.

34. Plaintiff is left without important information as to what has taken place with his loan after the forbearance.

35. Every day that goes without a response from United Wholesale Mortgage is in another day of suffering from the uncertainty of what is going on with this loan.

36. Plaintiff worries that the home he lives in will be placed into foreclosure, and United Wholesale Mortgage's failure to provide the requested information is causing Plaintiff to suffer from stress and anxiety about not knowing what went wrong with his loan and what needs to be done to fix it.

37. Further, Plaintiff's counsel is unable to provide any meaningful answers to Plaintiff nor provide any assistance to help him resolve these issues without the requested documents and explanations.

38. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**

> A servicer of a federally related mortgage shall not--
>
> \*\*\*\*
>
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
> \*\*\*\*
>
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
> 12 U.S.C. § 2605(k)

39. Section 1024.36 (Request for Information) of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

40. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

41. Defendant's failure to respond to the Request for Information is a violation of federal Regulation X.

42. Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B) by not providing any written response to a request for information within the required timeframe.

43. The Plaintiff has been injured in fact and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them. The threshold of the Defendant's violations stems from the failure to provide the information requested in the Request for Information. These injuries are also in the form of postage costs for sending Exhibit "B" and emotional distress damages as more particularly described herein.

44. In addition, Plaintiff seeks nominal damages for violation of his rights pursuant to RESPA and implemented through regulation X as is more particularly described herein.

45. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT II –VIOLATION OF 12 U.S.C. § 2605(k) and 12 CFR 1024.41

46. Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as if fully set forth herein.

47. In an effort to further assist Plaintiff in saving his home, his counsel submitted a loss mitigation application to Defendant.

48. The loss mitigation application was sent directly to the Defendant via Fax on April 26, 2023.

49. The LMP included items such as the Plaintiff's Request for Mortgage Assistance Form ("RMA"), the Plaintiff's hardship letter, the Plaintiff's Paystubs, signed tax returns, and the LMP also included multiple itemized bank statements.

50. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), the Defendant was required to provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether the Defendant determined said application to be complete or incomplete. If the Defendant deemed the LMP incomplete, the Defendant was required to state in the written notice the additional documents and information that must be submitted to make the LMP complete and a date within which to submit said documents and information.

51. Thereafter, pursuant to 12 C.F.R. § 1024.41(c), the Defendant was required to provide a written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, the Defendant will offer the Plaintiffs.

52. A "*complete loss mitigation application*" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigations options available to the borrower." 12 C.F.R. § 1024.41(b)(1).

53. The Defendant was required to provide a written notice stating which loss mitigation options, if any, the Defendant would offer Plaintiff.

54. On or about June 7, 2023, after the time to respond to the loss mitigation application expired, counsel for Plaintiff sent correspondence to the servicer advising that they still have yet to provide a response to the application and provided notice and opportunity to cure. A copy of the notice and opportunity to cure is attached hereto as Exhibit C" to this complaint.

55. The Plaintiff continues to await the determination from the Defendant as is required by law, whether or not he qualifies for loss mitigation options, and if so which one(s), where the Defendant has been in receipt of their complete loss mitigation application well in excess of the time required to respond.

56. Plaintiff's frustration is further compounded by the fact that Defendant again has ignored its obligations under RESPA.

57. To date, the Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that the Defendant did not provide a written notice within 5 days of receipt of the loss mitigation application stating whether the application was complete, and if not, what documents would be required to make it complete.

58. To date, the Defendant has further failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that the Defendant did not provide a written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, the Defendant will offer Plaintiff.

59. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

60. Sections 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

61. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

62. As such, the Defendant, Cardinal, has violated 12 U.S.C. § 2605(k)(1)(C) and 12 U.S.C. § 2605(k)(1)(E).

63. The Plaintiff has been injured in fact and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiff and other consumers like them. The threshold of the Defendant's violations stems from their repeated failures respond to the loss mitigation application submitted regarding the Plaintiff's loan. The Plaintiff's injuries result in part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, the Defendant violated the Plaintiff's procedural rights under RESPA by not providing a response to the Plaintiff's complete loss mitigation application. See *MAHALA A. CHURCH, Plaintiff - Appellant, v. ACCRETIVE HEALTH, INC., Defendant - Appellee.*, No. 15-15708, 2016 WL 3611543, at *1–3 (11th Cir. July 6, 2016)(quoting *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540 (2016)).

64. The Plaintiff is entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's notice and opportunity to cure; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to Defendant's failure to adequately respond to Plaintiff's loss mitigation application, which includes the cure notice attached as Exhibit "C" to this complaint. See *Rodriguez v. Seterus, Inc.*, No. 15-61253-Civ-

COOKE/TORRES (S.D. Fla. 2015) (the Court finding that actual damages includes photocopying and postage costs due to servicer's noncompliance with RESPA); *Saint-Fleur v. JPMorgan Chase Bank, N.A.*, No. 15-cv-61110-WPD (S.D. Fla. 2015); *Almquist v. Nationstar Mortg., LLC*, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla. 2014)(same); *Burdick v. Bank of Am., N.A.*, No. 14-62137-CIV, 2015 WL 1780982 (S.D. Fla. 2015)(same); *McLean v. GMAC Mortg. Corp.*, 595 F.Supp.2d 1360, 1366 (S.D. Fla 2009)(same); *Porciello v. Bank of America, N.A.*, 2015 WL 899942 (M.D. Fla. 2015)(same).

65. The Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing his property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to timely respond to the loss mitigation application, while simultaneously seeking to foreclose upon that loan. See *Bryan v. Fed. Nat'l Mortg. Ass'n*, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

66. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

**COUNT III – Violation of the Florida Consumer Collection Practices Act**

67. Plaintiff hereby incorporates and realleges paragraphs 1, 7 through 10, and 13 through 21 as if fully set forth herein.

68. This court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 in that the FCCPA claims are so related that they form the same case and controversy under Artil II of the US Constitution.

69. At all times relevant to this Complaint, Plaintiff, was and is a natural person and a "consumer" as that term is defined by Florida Statutes §559.55(8), and/or a person with standing to bring a claim under the FCCPA by virtue of being directly affected by violations of the Act.

70. At all times material hereto, the debt in question was a "debt" as said term is defined under Florida Statute §559.55(6).

71. Defendant is also a "person" as defined under Florida Statute §1.01(3).

72. Defendant has been provided notice on several occasions that the undersigned law firm is representing Plaintiff and was explicitly instructed not to contact Plaintiff.

73. Attached to this complaint as Exhibit "D" is a cease and desist letter dated April 5, 2023 wherein Defendant was instructed not to have communication with Plaintiff, however, that is not the only example.

74. Since that time, Defendant has repeatedly contacted Plaintiff in an effort to collect a debt despite having knowledge that the undersigned law firm represents Plaintiff.

75. Below is a sampling of the number of calls that Defendant has unlawfully made to Plaintiff since receiving notice that Plaintiff is represented.

    a. April 15, 2023

    b. April 19, 2023

    c. April 20, 2023

    d. April 22, 2023

    e. April 24, 2023

    f. April 25, 2023

    g. May 3, 2023

    h. May 5, 2023

    i. May 6, 2023

    j. May 6, 2023

    k. May 18, 2023

      l. May 19, 2023

      m. May 20, 2023

      n. May 26, 2023

      o. June 2, 2023

      p. June 3, 2023

      q. June 5, 2023

      r. June 8, 2023

      s. June 9, 2023

      t. June 13, 2023

      u. June 14, 2023

      v. June 23, 2023

76. Section 559.72(18) states that no person shall:

> Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

77. Defendant has received numerous communications from Plaintiff's counsel that he is represented. Not only did Defendant receive Exhibit "D" it also received a loan modification application as well as an RFI, all of which, individually and collectively constitutes knowledge that Plaintiff was and is represented by counsel.

78. Every call causes Plaintiff emotional distress in the form of stress, anxiety, and worry in that he is forced to now think about his situation with his mortgage.

79. The emotional distress is compounded by the fact that Defendant refuses to answer any of the requests propounded in the RFI and refuses to give Plaintiff an answer to his loss mitigation application.

80. Plaintiff is extremely fearful about losing his home and that fear is compounded by every single phone call that Defendant unlawfully places.

81. Plaintiff hired counsel for the purpose of assisting him save his home and Defendant should only be communicating with Plaintiff's counsel.

82. Because of the above violation of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages up to $1,000.00, and attorney's fees and all costs of Plaintiffs' representation pursuant to Section § 559.77(2), Florida Statutes.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, Joaquin Pe Fagundo, respectfully requests this Court to enter an order granting judgment for the following:

(a) That the Defendant, United Wholesale Mortgage, be required to provide a written notice and determination in compliance with 12 C.F.R. § 1024.41(c)(1);

(b) That the Defendant, United Wholesale Mortgage, be required to provide a written response to the RFI pursuant to 12 C.F.R. § 1024.36;

(c) For actual damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f);

(d) For statutory and actual damages under the FCCPA, as well as attorney's fees and costs pursuant to Section § 559.77(2), Florida Statutes.

(e) Such other relief to which this Honorable Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Joaquin Pe Fagundo, hereby demands a trial by jury of all issues so triable.

>Respectfully Submitted,
>
>*/s/ Matthew D. Bavaro*
>Matthew D. Bavaro, Esq.
>Florida Bar No.: 175821
>LOAN LAWYERS, LLC
>3201 Griffin Road, Suite 100
>Fort Lauderdale, FL 33312
>Telephone: (954) 523-4357
>Facsimile: (954) 581-2786
>E-mail: Matthew@fight13.com
>Secondary E-mail: nicole@fight13.com
>
>*Attorneys for Plaintiff*